IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE AVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOSTER WHEELER CONSTRUCTION COMPANY, an unknown business entity; FOSTER WHEELER CONSTRUCTORS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00922 LJO JLT<br><br>ORDER DENYING MOTION TO REMAND<br><br>[Doc. 6] |

Before the Court is Plaintiff's Motion to Remand the matter to the Kern County Superior Court. (Doc. 6) The defendants (referred collectively here as "Foster Wheeler") oppose the motion on several grounds. (Doc. 9) The Court held oral argument on this motion on August 6, 2010. After considering the moving and opposing papers and the argument of counsel, for the reasons set forth below, the Court DENIES the motion to remand.

**I.　Background**

On June 10, 2009, Plaintiff, Bruce Avans, filed this litigation in the Los Angeles Superior Court.

In the complaint, Avans alleges that he was hired by Foster Wheeler in January 2007 as a laborer.[1] (Doc. 1, Ex. 1) Avans claims that on April 5, 2007, he suffered a work-related injury. Id. Despite this, Avans alleges that, although he performed his duties "in an exemplary manner," on June 4, 2007, Foster Wheeler terminated his employment due to the physical disability caused by his injury. Therefore, he claims that his termination was for "illegal and discriminatory reasons." Id. Avans claims damages for lost earnings, lost employment benefits and emotional distress and seeks compensatory damages, front pay and back pay and punitive damages in an amount that "exceeds the sum of $25,000.00, exclusive of interest and costs." Id.

On August 26, 2009, Foster Wheeler filed a motion to transfer the matter to Kern County because Foster Wheeler's principal California location is in Ridgecrest and because Plaintiff worked for Foster Wheeler at a project located in Boron, California. (Doc. 1 at 2) Both of these locations are within the County of Kern. The motion for transfer of venue was granted on November 10, 2009, although Kern did not accept the transfer until February 10, 2010. Id. Foster Wheeler filed its answer on March 12, 2010 and on May 21, 2010, Foster Wheeler removed the matter to the Eastern District of California. (Doc. 1)

## II.     Current Motion

Despite the passage of nearly a year since the commencement of the action, Foster Wheeler contends that its notice of removal was timely because it did not learn until April 23, 2010, that the amount in controversy exceeded $75,000. (Doc. 9, Ex 2 to Scalabrini Dec) Via e-mail on April 22, 2010, Foster Wheeler's attorney inquired of Avans' attorney of the amount in controversy. Id. In response, Avans' attorney reported that the amount was "in excess of $75,000." Id. Thus, given that Foster Wheeler is not a citizen of California, it is undisputed that this was sufficient to alert Foster Wheeler of the removability of the action.

In seeking to have the matter remanded to state court, Avans asserts that at the time that Foster

---

[1] There are few details plead in the complaint and, in an attempt to gain a fuller understanding of the factual basis for Avans' claims, the Court attempted to review his FEHA complaint that the complaint alleges is attached thereto as Exhibit 1. However, this Exhibit is not attached. Based upon the Flores, Wolsky and Scalabrini declarations, all of which assert that the complaint provided is a true and correct copy of the complaint received by them, it appears that Exhibits 1 and 2, which were alleged to have been attached to the complaint, were not.

2

Wheeler was served with the summons and complaint and other case documents, Foster Wheeler was served with a Statement of Damages also that indicated that Avans' sought $1.5 million in the litigation. In support, Avans produced two proofs of service. The first ("the first proof of service") shows service of the Statement of Damages only. The second ("the second proof of service") shows service of numerous other documents including the summons, complaint and various new case documents. Both indicate service of the documents occurred at the same date and time and by the same licensed process server.

Foster Wheeler provides significant evidence that it was never served with the Statement of Damages and points to inconsistencies in the proofs of service and the Statement of Damages that Foster Wheeler claims support its position that service of the State of Damages was never accomplished and/or that the Statement of Damages was suspect. First, Foster Wheeler notes that the first proof of service contains a signature that is markedly different from the second proof of service. Second, Foster Wheeler questions the veracity of the Statement of Damages given that it purports to have been signed on June 1, 2010 and bears the case number given by LA Superior Court despite that the complaint was not filed until June 10, 2010 and argues that a case number would not have been assigned until that time.

On August 6, 2010, the Court heard oral argument on the matter. In advance of the hearing, the Court alerted Avans' counsel that the testimony of the process server, Arman Mardigian, would be permitted at the hearing but counsel did not produce Mr. Mardigian. For the reasons set forth below, the Court **DENIES** the motion for remand.

## III. DISCUSSION

### A. Removal of the action

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction

and remand. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). Thus, in the removal "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996) (citing Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir. 1992)); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). The party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. See Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006); Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient.") It is insufficient for the removing party to merely state a conclusion that the amount in controversy "exceeds $75,000." Instead, the defendant is obligated to provide proof of the underlying facts that establish the Court's jurisdiction.

**B.    Timeliness under 28 U.S.C. § 1446(b)**

In order to remove a case to federal court, defendants are required to file a notice of removal within the 30-day time limit set forth in 28 U.S.C. § 1446(b). The 30-day removal period begins to run upon defendant's receipt of a "paper from which it may first be ascertained that the case is removable." 28 U.S.C. § 1447(b).

When the face of the complaint does not reveal whether the case is removable, the defendant is not obligated to investigate the matter within the initial 30 days to make this determination.

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005). The Ninth Circuit has since

explained that after Harris "we no longer require defendants [to risk sanctions for premature removal] -- we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006); see also Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D.Cal.1988) (the elements for removability must be specifically indicated in official papers before the statutory period begins to run). Therefore, the defendant does not have to speculate as to the facts that form the basis for removal jurisdiction. Jong v. General Motors Corp., 359 F.Supp. 223 (N.D.Cal. 1973).

### 1.     The complaint alone failed to give notice of removability.

In the complaint, Avans asserts six causes of action, all for the same wrongful act; his termination from employment. As to each, Avans seeks damages but, rather than specifying a sum certain[2], he seeks to recover "in a sum according to proof" and in an amount that "exceeds the sum of $25,000." The complaint does not specify the amount of wages that he was receiving at the time he was fired or the nature of the employment benefits that he lost due to his termination.

Nevertheless, Avans asserts that there were sufficient "clues" in the complaint so that Foster Wheeler should have investigated whether the amount in controversy exceeded $75,000. Avans takes Foster Wheeler to task for "sit[ting] idly" while the 30-day limitation period ran and argues that the defendants should have used the time to investigate whether the matter could be properly heard in federal court. For this proposition, Avans cites, almost entirely, to cases from outside of the Ninth Circuit. The sole decision cited from within this Circuit was a trial court decision from Hawaii in Kaneshiro v. North American Co. for Life and Health Ins., 496 F.supp. 452 (D. Haw. 1980). This decision was issued decades before Harris and, as noted above, is contrary to Harris' holding which makes clear that a removing defendant *has no duty* to suss out facts that would give rise to removability. Notably, Harris considered, and then emphatically rejected, Kaneshiro. Harris held, "Whether or not the "clue" and "burden [to] scrutinize" language in Kaneshiro should be stretched as far as [the plaintiff] proposes is of little import as we decline to adopt Kaneshiro's reasoning. Significantly, in the twenty-five years since the case was decided, no federal circuit court of appeals has embraced its rationale." Harris, at 696.

---

[2] The Court is aware of the prohibition on pleading sum certain damages according to California Civil Code § 425.11.

5

Other cases applying Harris within this Circuit, make clear also that Avans' position is not well-taken. In Molina v. Lexmark International, Inc., 2008 U.S. Dist. LEXIS 83014 at *61-63 (C.D. Cal. Sept. 30, 2008), the plaintiff argued that the defendant could have used its own employee records to calculate the amount in controversy such to trigger removability. The court rejected that this duty existed and held that "a defendant's own records cannot logically constitute 'other paper' under §1446(b)." Id. at *18. Thus, the court held that *even* if the defendant "could have ascertained that the amount in controversy . . . by reviewing its own records . . . this would not have triggered the thirty day period for removal under § 1446(b)." Id.

Similarly, in Munoz v. J.C. Penney Corp., Inc., 2009 U.S. Dist. LEXIS 36362 at *3 (C.D. Cal. Apr. 9, 2009), the plaintiff argued that the defendants' own SEC filings would have demonstrated the amount in controversy such to justify federal court jurisdiction. They claimed that had the defendant done simple "grade-school mathematics," the removability of the action would have been clear. Id. However, the court refused "to improve the jurisdprudence of removals" in favor of "the plain language of the statute and sound jurisprudence of the Ninth Circuit and other circuits" which hold that until defendants receive a paper from the plaintiffs that demonstrate removability, the 30-day limitation period on the removal does not begin.

Because the complaint failed demonstrate that the amount in controversy exceeded $75,000, the Court concludes that the complaint failed to provide Foster Wheeler to provide notice of the removability of the action. Harris, at 695.

**2.    The Statement of Damages, if served, was sufficient to give rise to removability.**

Undoubtedly, if the Statement of Damages *was* served on July 25, 2010, it was sufficient to activate the 30-day removal period. Clearly, it sets forth Avans' claim that he seeks $1.5 million in special and general damages and, given the diversity of citizenship between Avans' and Foster Wheeler, the matter would have been removable at the time it was served.[3] Thus, this motion turns on whether the Statement of Damages was served on Foster Wheeler.

---

[3] At the oral argument, Avans' counsel argued that due to Foster Wheeler's significant ties to California, it should be found to be, in essence, a de facto citizen of the state. Because there is no evidentiary support for this position and because it is undermined by Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192-1193 (2010), the Court rejects this argument.

6

1    Under California law, "the filing of a proof of service creates a rebuttable presumption that the
2 service was proper." Dill v. Berquist Construction Co., 24 Cal. App. 4th 1426, 1441 (Cal. App. Ct.
3 1994). However, a return of service may be impeached by contradictory evidence. Los Angeles v.
4 Morgan, 105 Cal. App. 2d 726, 731 (Cal. App. Ct. 1951). The Court finds that Foster Wheeler has
5 rebutted the presumption of proper service.
6    First, the Court finds that there is no evidence that the signature pages for each proof of service
7 are attached to the correct proof of service or, in fact, that the proofs of service are authentic. Although
8 Avans' counsel asserts that the proofs are true and correct copies, he fails to provide any information as
9 to *how* he knows this. He does not attest that he was present when they were prepared or signed or that
10 he had any role in selecting who would serve the documents or how they would be served. He does not
11 assert that he provided the documents for service and that return of service was made to him or whether
12 he had any role in the service of the documents. For the same reasons, his declaration that asserts that
13 "Defendant was served with Plaintiff's Complaint for Damages and a Statement of Damages on July 25,
14 2009," is not supported by any foundation. Fed. R. Evid. 602 ("A witness may not testify to a matter
15 unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of
16 the matter.")
17    Moreover, it appears to the Court that the Statement of Damages and its proof of service are
18 suspect. As noted by Foster Wheeler, the proof of service provided for the Statement of Damages ("the
19 first proof") is different from the one provided for all of the other documents ("the second proof") served
20 in this case. The first proof bears a signature although the second proof contains only the initials of the
21 process server and appears to be in a different handwriting. Interestingly, the second proof bears a stamp
22 from the Los Angeles Superior Court indicating that it was filed in that court; the first proof does not.
23    Also, both proofs of service indicate that the documents were served on "7/25/2009" at "1:25
24 PM." However, the second proof of service as to the documents indisputably received by Foster
25 Wheeler's agent for service of process, CT Corporation ("CT"), indicates that the documents were
26 served on "07/27/2009 at 13:25." Clearly, the parties agree that the papers were served at 1:25 p.m. but
27 disagree as to the date on which it was served.
28    The Court notes that this second proof of service bears a stamp from the Los Angeles Superior

7

Court indicating that it was filed on July 28, 2009. It appears less likely that the process server would wait for three days to file the proof of service and more likely that he did it the day after service occurred. Moreover, July 25, 2009 was a Saturday[4] so it seems unlikely that service occurred on July 25, 2009 or that CT had personnel available to receive service on that day. Thus, as conceded by Avans' counsel, both proofs of service contain a significant error as to service[5], although counsel refers to this error only as "typographical" in nature.

The Court notes also that the Statement of Damages bears a case number. As conceded by Plaintiff's counsel, the case number could have been assigned only after the matter was filed. Notably, the caption of the Statement reads, "Complaint filed on June 10, 2009" and provides other details about the case including to which judge and department the matter had been assigned. There is no evidence to dispute that this information could not have been received before the complaint was filed. Nevertheless, the Statement is signed by counsel, purportedly on June 1, 2009 – *nine days before the complaint was filed*. Although affixing a signature on the document before the complaint was filed is understandable, the Court has no explanation for how it could have been signed on this day and still bear the information gained after it was filed on June 10, 2009. Similarly, the Court has no satisfactory explanation for why two proofs of service were prepared. One refers *only* to the Statement of Damages but the other which includes numerous other documents that had to be typed onto the page. Avans' counsel asserted, without the support of evidence, that there were two proofs of service because there was no more room to type on the second proof of service. However, there appears to be sufficient space to have inserted an entire second line of typing, let alone the title, "Statement of Damages." Moreover, there is no explanation for why the proof of service for the Statement of Damages was not filed.

Second, the Court is concerned about the lack of explanation or reference to the Statement of Damages in the April 2010 e-mail correspondence between counsel. At that time Foster Wheeler's counsel inquired of the amount in controversy. In response, Avans' attorney indicated, "That is a very

---

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The day of the week on which a particular date fell is a fact that is capable of accurate and ready determination and it cannot be reasonably questioned.

[5] Clearly, the date on which service occurred is quite important. It determines when the responsive pleading is due. This carelessness, coupled with the failure of the second proof to have a signature, raises the specter of defective service.

8

difficult question for me to answer at this juncture.  Typically, in an employment case, Plaintiff alleges in his complaint the amount of damages are "according to proof."  However, I will talk with Mr. Avans and get back to you.  I can tell you now that the damages are "in excess of $75,000."  Notably, the attorney did not refer to the Statement of Damages and, apparently, this document was not mentioned to Foster Wheeler until just days before the instant motion was filed[6] nearly a month after the notice of removal was filed.

Finally, Foster Wheeler presents significant evidence that it did not receive the Statement of Damages until it was provided by counsel in June 2010.  First, Foster Wheeler presents the declaration of Ms. Flores who is the Operations Manager for CT's Los Angeles office.  She attests that CT operates offices nationwide and acts as the registered agent for service of process for its customers.  She asserts that on July 27, 2009, CT received service of process in this matter on behalf of Foster Wheeler.  She explains that the documents received on that day were listed on CT's "log," a copy of which was provided to Foster Wheeler along with the documents served.  Attached to her declaration are copies of the documents Flores attests were received by CT on behalf of Foster Wheeler.  Flores reports that on the day that the documents were received, CT sent e-mail notification of receipt of these document to three people at Foster Wheeler, including Frederick Wolsky.  Ms. Flores attests that no documents, other than those attached to her declaration, were received for Foster Wheeler related to the Avans matter.  Notably, the disputed Statement of Damages is not contained in the package identified by Flores.

Mr. Wolsky, the Assistant General Counsel for Foster Wheeler, declares that he received the same documents from CT that Flores asserts that CT received.  He has compared these paper documents to the electronic copy of the documents that CT maintains on-line and electronically accessible to their clients. He asserts that he was not provided a copy of the Statement of Damages by CT and there is not an electronic copy of the Statement of Damages on CT's on-line service.

Due to the Court's significant concerns about the Statement of Damages and the two proofs of service and in light of any satisfactory explanation for the issues discussed above, the Court finds that

---

[6] The Statement of Damages was mentioned in a letter from Avans' attorney and to counsel for Foster Wheeler. Purportedly the letter was written "Pursuant to Local Rule 7.3."  Because the Eastern District of California does not have a Local Rule 7-3, apparently counsel was attempting to comply with the Local Rules of some other court.

9

Foster Wheeler has rebutted the presumption that service of the Statement of Damages was made.

**3.    The e-mail correspondence gave rise to removability.**

The e-mail correspondence between Avans' attorney and Foster Wheeler's on April 22 and 23, 2010, made clear that Avans' claims damages within this Court's jurisdiction. Very plainly on April 23, 2010, Avans' attorney reported that he sought were "in excess of $75,000." Moreover, this was an "other paper" from which Foster Wheeler could ascertain on its face that removal was proper. Harris, 425 F.3d at 695. Thus, the 30-day removal period began on April 23, 2010 and, therefore, the notice of removal was timely.

**C.    Conclusion**

The Court concludes that the Statement of Damages was not served on Foster Wheeler. Moreover, the Court concludes that the complaint, without the Statement of Damages, was not sufficient to trigger the initial 30-day removal period. Finally, the Court finds that the e-mail correspondence between counsel on April 23, 2010 was an "other paper" from which Foster Wheeler ascertained the removability of the underlying litigation. Because the notice of removal was filed within 30-days of this date, the Court concludes that it was timely.

Therefore, the Court hereby **ORDERS**:

  1.   Foster Wheeler's objections to the declaration of Pegman Ben-Cohen are **SUSTAINED**;
  2.   The motion to remand the matter is **DENIED**;
  3.   The motion for attorneys fees is **DENIED.**

IT IS SO ORDERED.

Dated:   **August 6, 2010**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE